IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRADFORD WILLIAMS,

       Plaintiff,

vs.

CORE ENERGY INC.,
a Florida Profit Corporation,
and PETER ALMEIDA, JR., an individual,
jointly and severally,

       Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, BRADFORD WILLIAMS, sues Defendants, CORE ENERGY INC. and PETER ALMEIDA, JR., and shows:

### Introduction

1.      This is an action by BRADFORD WILLIAMS against his former employers for unpaid minimum wages and unpaid commissions pursuant to the Fair Labor Standards Act and Florida Statutes Chapter 448.  Plaintiff seeks damages and reasonable attorney's fees and costs.

### Jurisdiction

2.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, as well as Florida Statutes § 448.08.  The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b).

3.      The claims arose within the Southern District of Florida, which is where venue is proper.

1

**Parties**

5.       Plaintiff, BRADFORD WILLIAMS, (hereinafter "WILLIAMS") a resident of Miami-Dade County, was at all times material, employed by CORE ENERGY INC. as a sales representative, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with CORE ENERGY INC., was engaged in interstate commerce or in the production of goods for commerce.

6.       Defendant, CORE ENERGY INC. (hereinafter, "CORE"), is a Florida profit corporation with its principal place of business in Miami-Dade County, Florida, and is an enterprise engaged in the production, sale, and installation of solar panels, is engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206, in the offices where WILLIAMS was employed.

7.       Defendant, PETER ALMEIDA, JR. (hereinafter "ALMEIDA"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant CORE.

8.       Defendant ALMEIDA acted and acts directly in the interests of Defendant CORE, in relation to its employees. Thus, ALMEIDA was and is an employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**General Allegations**

9.       Plaintiff was employed by CORE and ALMEIDA from approximately August 15, 2021 to December 1, 2021.

10.      Plaintiff was employed as a sales associate or sales representative.

11.      From approximately August 15, 2021 to approximately September 30, 2021, Plaintiff was employed as an inside sales associate.

12.     CORE and ALMEIDA controlled the terms of Plaintiff's employment as an inside sales associate by:

      a.   Requiring Plaintiff to be at the office from 10:00 AM to 5:00 PM, Monday through Friday;

      b.   Requiring Plaintiff to wear CORE branded clothing; and

      c.   Requring Plaintiff to use company equipment such as a computer and telephone.

13.     During his time as an inside sales associate, Plaintiff entered into an oral contract with the Defendants to be paid a commission of $500.00 per lead generated that was ultimately closed and installed, paid as $250.00 when the lead was closed and $250.00 when the lead was installed.

14.     Plaintiff was not paid any wages, salary, or commissions during his time as an inside sales associate.

15.     Plaintiff generated leads that were ultimately closed and installed but was not paid the agreed upon commission for said leads.

16.     From approximately October 1, 2021 to December 1, 2021, Plaintiff was employed by Defendant CORE and ALMEIDA as an outside sale associate.

17.     CORE and ALMEIDA controlled the terms of Plaintiff's employment as an outside sales associate by requiring Plaintiff to wear CORE branded clothing.

18.     Plaintiff entered into a written contract with CORE to be paid $2.50 for every watt sold as an outside sales associate. Plaintiff does not have a legible copy of the contract but believes Defendants have one in their possession.

19.     Plaintiff closed sales for CORE for which he was never paid the agreed upon commission.

20.     Defendants, throughout Plaintiff's employment, failed to fully pay him for all wages and commissions that were earned and owed.

21.     Plaintiff performed all necessary duties that would qualify him to receive his earned commissions but has not been paid the same, in breach of the parties' agreements.

22.     All conditions precedent to this action have been performed or waived.

**Count I – Violation of FLSA by All Defendants – Minimum Wage**

23.     Plaintiff, BRADFORD WILLIAMS, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 22 above.

24.     From approximately August 15, 2021 to September 30, 2021, Defendants have willfully violated the provisions of §6 of the Act [29 U.S.C. §206] by employing employees engaged in commerce without compensating them for their employment with at least a minimum wage. Specifically WILLIAMS, from approximately August 15, 2021 to September 30, 2021, worked 10:00 AM to 5:00 PM, Monday through Friday, without being compensated any wages.

25.     The failure to pay minimum wage compensation to WILLIAMS is unlawful in that he was not exempted from the minimum wages provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative, professional, or outside sales employee, or in the alternative, if WILLIAMS was exempt, Defendants' actions and/or conduct have effectively removed any exemption that may have applied to WILLIAMS.

26.     Defendants' actions were willful and purposeful as it was well aware of the Fair Labor Standards Act and WILLIAMS's status as non-exempt, but chose not to pay him in accordance with the Act.

27.     WILLIAMS is entitled pursuant to 29 U.S.C. § 216(b), to recover from CORE:

   a.   All unpaid minimum wages that are due;

   b.   As liquidated damages, an amount equal to the unpaid minimum wages owed;

    c.   The costs of this action, and;

    d.   A reasonable attorney's fee.

WHEREFORE, Plaintiff, BRADFORD WILLIAMS, prays that this court will grant judgment against all Defendants:

    a.   awarding WILLIAMS payment of minimum wage compensation found by the court to be due to him under the Act, including pre-judgment interest;

    b.   awarding WILLIAMS an additional equal amount as liquidated damages;

    c.   awarding WILLIAMS his costs, including a reasonable attorney's fee; and

    d.   granting such other and further relief as is just.

## Count II – Breach of Contract against Defendant CORE (Unpaid Commissions)

28.    Plaintiff, BRADFORD WILLIAMS, realleges the allegations in paragraphs 1 through 22, as if fully set forth in Count II of Plaintiff's Complaint.

29.    Defendant CORE's failure to pay Plaintiff the agreed upon commissions amounts to a breach of contract.

30.    As a result of Defendant's breach, Plaintiff has incurred general damages and is entitled to recover the unpaid commissions, as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due, plus attorney's fees and costs of this action.

WHEREFORE, Plaintiff requests judgment against Defendant CORE for his unpaid commissions and other damages, together with costs of suit and reasonable attorney fees, and such other and further relief as the court may deem proper.

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

Dated: May 20, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*

Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: james@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for Plaintiff WILLIAMS