UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-21570-Civ-Williams/Sanchez

BRADFORD WILLIAMS,

    Plaintiff,

v.

CORE ENERGY INC.,
a Florida Profit Corporation,
and PETER ALMEIDA, SR., an individual,
jointly and severally,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS**

    This matter is before the Court on the Motion to Dismiss, ECF No. 22, of Defendant CORE Energy, Inc. ("CORE") and Defendant Peter Almeida, Sr. ("Almeida") (collectively the "Defendants") seeking dismissal of the Plaintiff's Amended Complaint for Damages, ECF No. 17.[1] After careful consideration of the parties' filings and relevant authority, and for the reasons discussed below, it is hereby **RECOMMENDED** that the Defendants' Motion to Dismiss be **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

    On August 25, 2022, the Plaintiff filed an Amended Complaint against the Defendants asserting claims for unpaid minimum wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, and claims for breach of contract. ECF No. 17. Specifically, Count I alleges an

---

[1] The motion to dismiss was originally referred to Magistrate Judge Chris M. McAliley for a report and recommendation, EFC No. 24, but that referral was subsequently reassigned to the undersigned by Administrative Order 2023-9, *see* ECF No. 27.

FLSA violation by CORE for unpaid minimum wages; Count II alleges an FLSA violation by Almeida for unpaid minimum wages; Count III alleges a breach by CORE of an oral contract to pay sales commissions to the Plaintiff; and Count IV alleges a breach by CORE of a written contract to pay sales commissions to the Plaintiff. *Id.* The Plaintiff also sought attorney's fees for both his FLSA claims and his breach of contract claims. *Id.*

In the Amended Complaint, the Plaintiff alleged that he was employed by CORE—a corporation owned and operated by Almeida—as a "sales associate or sales representative" "selling solar panels manufactured outside the state of Florida and installed within the state of Florida." ECF No. 17 at ¶¶ 4-9. The Plaintiff further alleged that from August 15, 2021, to approximately September 30, 2021, he was employed as an "inside sales associate," *id.* at ¶ 10, and his responsibilities included: (1) working seven-hour workdays in CORE's office, (2) wearing CORE brand attire, and (3) using CORE's computer and telephone equipment, *id.* at ¶ 11. The Plaintiff also alleged that, during his employment as an inside sales associate, he "entered into an oral contract with the Defendants to be paid a commission of $500 per lead generated that was ultimately closed and installed." *Id.* at ¶ 12. The Plaintiff alleged that he "was not paid any wages, salary, or commissions during his time as an inside sales associate." *Id.* at ¶ 13. The Plaintiff alleged that thereafter, from approximately October 1, 2021, to December 1, 2021, the Defendants employed him as an "outside sales associate" and he "entered into a written contract with [Defendant] CORE to be paid $2.50 for every watt sold." *Id.* at ¶¶ 15, 17. The Plaintiff, moreover, alleged that he "closed sales for CORE for which he was never paid the agreed upon commission." *Id.* at ¶ 18.

On September 8, 2022, the Defendants filed their Motion to Dismiss. In that motion, the Defendants seek dismissal of Counts I and II on the grounds that the "Plaintiff fail[ed] to state facts

related to interstate commerce[,]" as required to state an FLSA claim, ECF No. 22 at 2-5, and they seek dismissal of Counts III and IV on the grounds that the Plaintiff failed to state claims for breach of a written contract and breach of an oral contract because he "failed to allege the essential terms of the contracts" and did not allege any facts showing "that a meeting of the minds was ever entered into" between the parties, ECF No. 22 at 5-7.  The Defendants additionally seek to strike the Amended Complaint's reference to Florida Statute § 448.08 and the Plaintiff's requests for attorney's fees in Counts III and IV.  ECF No. 22 at 7-8.

## II.  LEGAL STANDARD

To state a claim for relief under Rule 8(a) of the Federal Rule of Civil Procedure, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege facts that make out a facially plausible claim and raise the right to relief beyond a speculative level.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Conclusory allegations are insufficient.  *See Twombly*, 550 U.S. at 555.  When evaluating a motion to dismiss, the court must draw "all reasonable inferences" in favor of the plaintiff, *St. George v. Pinellas Cnty.*, 285 F.3d 1134, 1337 (11th Cir. 2002), and must limit its consideration to the four corners of the complaint and any attached exhibits, *see, e.g.*, *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

## III.  LEGAL ANALYSIS

**A.**   <u>**The Plaintiff Failed to Plead a Claim Under the FLSA.**</u>

The FLSA mandates that employees engaged in commerce or employed by an enterprise engaged in commerce are entitled to minimum wage compensation.  29 U.S.C. § 206(a).  "If a

covered employee is not paid the statutory wage, the FLSA creates for that employee a private cause of action against his employer for the recovery of unpaid [statutory] wages and back pay." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (citing 29 U.S.C. § 216(b) and addressing overtime wages).  In order to establish a cause of action under the FLSA, an employee must first demonstrate that they are "covered" by the FLSA, which requires that the plaintiff show engagement in interstate commerce through either "individual coverage" or "enterprise coverage." *See*, *e.g.*, *id.* at 1298-99.

Here, the Defendants argue that the Plaintiff's FLSA claims should be dismissed because the Plaintiff failed to allege that he was a non-exempt employee and because he failed to satisfy the jurisdictional prerequisite of interstate commerce.  ECF No. 22 at 2-5.  While the absence of allegations that the Plaintiff was a non-exempt employee do not require dismissal, the failure to allege jurisdictional facts sufficient to establish that Plaintiff was covered by the FLSA warrants dismissal of Counts I and II of the Amended Complaint.

i.      **Non-Exempt Employees**

Congress exempted certain employees from the FLSA's minimum wage protection.  *See* 29 U.S.C. § 213.  In the Motion to Dismiss, the Defendants argued that "Plaintiff does not plead any facts to allow the Court to conclude that he was a non-exempt employee." ECF No. 22 at 3.  The Defendants' argument is unavailing.

When pleading a claim under the FLSA, plaintiffs do not have a duty to allege any facts showing that they are non-exempt employees. *See Burton v. Hillsborough County*, 181 F. App'x 829, 839 (11th Cir. 2006) ("To state a case of action under the FLSA, a plaintiff is not required to allege that the Act's exemptions are inapplicable.").  On the contrary, an "employer bears the burden of establishing that an employee is exempt under" the FLSA.  *See Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1268 (11th Cir. 2016); *see also Evans v. McClain of Georgia, Inc.*, 131

4

F.3d 957, 965 (11th Cir. 1997) ("[T]he employer has the burden of showing that it is entitled to the exemption."). Moreover, although the Amended Complaint may establish that the Plaintiff was exempt from FLSA coverage for the period in which he was employed as an *outside* sales associate, 29 U.S.C. § 213(a), the Plaintiff did not allege an FLSA violation for this period, *see* ECF No. 17 at ¶¶ 10, 23, 28 (asserting FLSA claims for inside sales period), but instead alleged a state law breach of contract claim for unpaid commissions as an outside sales associate, ECF No. 17 at ¶¶ 36-37; *see also id.* at ¶¶ 15-18. Because the Plaintiff need not allege facts showing that he is a non-exempt employee and because the Amended Complaint's factual allegations do not establish that the Plaintiff was an exempt employee during the period for which he asserts FLSA claims, the Defendants are not entitled to dismissal on their FLSA exemption argument.

    **ii.**    **FLSA Coverage**

As previously discussed, "[t]o invoke the FLSA's protections, 'an employee must first demonstrate that he is "covered" by the FLSA.'" *Toruno v. Chi-Ada Corp.*, No. 1:21-CV-22752, 2023 WL 2837073, at *3 (S.D. Fla. Apr. 6, 2023) (quoting *Josendis*, 662 F.3d at 1298). "An employee can show coverage in two ways: 'individual coverage,' *i.e.*, that she was engaged in commerce or in the production of goods for commerce, or 'enterprise coverage,' *i.e.*, that the Defendant is an enterprise engaged in commerce or in the production of goods for commerce." *Id.* Here, the Plaintiff has failed to allege facts establishing either individual or enterprise coverage.

    **a.**  *<u>Individual Coverage</u>*

To establish individual coverage under the FLSA, an employee must be "engaged in commerce" by "directly participating in the actual movement of persons or things in interstate commerce." *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266 (11th Cir. 2006). This may be established by "(i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate

commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Id.* In essence, "the test for individual coverage focuses on the activities of the employee, not the employer." *Ferrer v. Atlas Piles, LLC*, 586 F. Supp. 3d 1286, 1298 (S.D. Fla. 2022).

Here, the Plaintiff alleged that he "was engaged in interstate commerce" through "selling solar panels manufactured outside the state of Florida and installed within the state of Florida." ECF No. 17 at ¶ 4. As an inside associate, the Plaintiff was required to "use company equipment such as a computer and telephone." *Id.* at ¶ 11. These facts are insufficient to allege individual coverage under the FLSA.

As an initial matter, the point of origin of the solar panels that the Plaintiff was selling—which were allegedly manufactured outside of Florida—is irrelevant to whether the Plaintiff himself "*directly participated* in the *actual movement* of persons or things in interstate commerce."[2] *Josendis*, 662 F.3d at 1316 ("While the point of origin of these vehicles may be relevant under a theory of enterprise coverage, their origin is irrelevant to the issues of individual coverage—namely, whether [the plaintiff] himself *directly participated* in the *actual movement* of persons of things in interstate commerce."); *see also Thorne*, 448 F.3d at 1268 (holding that an enterprise that "operates exclusively within the state of Florida," with only instate customers, has not engaged in interstate commerce by virtue of the fact that it had "purchased goods which had previously moved in interstate commerce").

Even if the solar panels were manufactured out of state, as the Plaintiff has alleged, and at some point those solar panels travelled in interstate commerce into the state of Florida, nowhere

---

[2] "The Supreme Court has articulated that it is the intent of Congress to regulate only activities *constituting* interstate commerce, not activities merely *affecting* commerce." *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)) (emphasis added).

6

in the Amended Complaint does the Plaintiff allege that he had any involvement, direct or otherwise, in that interstate movement. Certainly, the Plaintiff does not allege what "precisely" he did that connects *him* and *his work* to interstate commerce. *See Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012) (holding that to sufficiently plead an FLSA claim, "[the plaintiff] shall set forth the nature of [the defendant's] business and precisely what he did in the course of his employment" and how his work "connects to interstate commerce"). Merely selling products that were manufactured outside of Florida, without being directly and regularly involved in the transportation of those products into Florida, is insufficient to establish individual coverage under the FLSA. *See Thorne*, 448 F.3d at 1267 (citing *McLeod v. Threlkeld*, 319 U.S. 491, 493 (1943)) ("When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act."); *see also Martinez v. Jade Palace*, 414 F. App'x 243, 246 (11th Cir. 2011) (holding that the plaintiff did not establish individual coverage where the plaintiff did not work for an instrumentality of interstate commerce, travel across state lines, transport materials that were moving in interstate commerce, or use telephone, internet, or mail to communicate out of state); *Saunders v. Amplus Air Conditioning Contr., Inc.*, No. 19-cv-62450-Bloom/Valle, 2020 WL 1452364, at *6 (S.D. Fla. Mar. 25, 2020) ("[T]he mere use of a telephone or the Internet does not evidence regular use of the instrumentalities of interstate commerce.") (quotation omitted). Accordingly, the Plaintiff has failed to allege facts establishing that he is covered by the FLSA under individual coverage.

  **b.** *Enterprise Coverage*

"An employee may assert 'enterprise coverage' if his employer: (1) has employees engaged in interstate commerce or in the production of goods for interstate commerce, or employees who

handle, sell, or otherwise work on goods or materials that have been moved in, or produced for, interstate commerce by any person; and (2) has gross volume sales or business of at least $500,000 annually." *DeJean v. HLM Protective Serv., Inc.*, No. 17-61291-Civ-Scola, 2017 WL 4876298, at *2 (S.D. Fla. Oct. 27, 2017) (citing 29 U.S.C. § 203(s)(1)(A)).  "To satisfy the first prong, Plaintiff must demonstrate that, on a regular and recurrent basis, at least two of Defendants' employees engaged in commerce or handled goods and material that have been moved in commerce." *Williams v. Signature Pools & Spas, Inc.*, 615 F. Supp. 2d 1374, 1378 (S.D. Fla. 2009) (citing 29 C.F.R. § 779.238).  To meet the second element, a plaintiff may simply allege that on "information and belief" the enterprise has an annual gross revenue of at least $500,000. *See Ceant*, 874 F. Supp. 2d at 1378.

Here, the Plaintiff alleged that CORE "is an enterprise engaged in the production, sale, and installation of solar panels, is engaged in an industry affecting commerce, employs two or more employees affecting interstate commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1)." ECF No. 17 at ¶ 5.  The Plaintiff, however, does not allege sufficient non-conclusory facts to allow the Court to infer that enterprise coverage applies to CORE.

Here, the Plaintiff concedes that he failed to allege that CORE has an annual gross volume revenue of at least $500,000, which is expressly required by the FLSA.[3]  ECF No. 25 at 4 ("Plaintiff concedes that he has not alleged that CORE ENERGY has an 'annual gross volume of sales made or business done' of not less than $500,000.00.").  Because the Plaintiff failed to plead facts establishing the second prong of enterprise coverage, the Court does not need to determine whether the Plaintiff sufficiently alleged that CORE was engaged in interstate commerce or in the

---

[3] "'Enterprise engaged in commerce or in the production of goods for commerce' . . . is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A)(ii).

production of goods for interstate commerce.[4] *See Josendis*, 662 F.3d at 1319 (declining to assess the merits of the first prong of enterprise coverage because the plaintiff failed to show that the defendant had gross annual sales of at least $500,000). This failure alone is fatal to the Plaintiff's attempt to establish that he is covered by the FLSA under enterprise coverage.

Because the Plaintiff's factual allegations do not establish either individual coverage or enterprise coverage, Counts I and II fail to state claims under the FLSA and therefore should be dismissed.[5]

**B.** <u>**The Court Lacks Jurisdiction Over the Plaintiff's State Law Claims.**</u>

Federal courts may exercise supplemental jurisdiction over state law claims in limited circumstances; one such circumstance is when the state claims "arise out of a common nucleus of operative fact with a substantial federal claim." *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 865 (11th Cir. 2022) (quoting *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006)); *see also* 28 U.S.C. § 1367(a). However, federal law allows district courts discretion to decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Eleventh Circuit encourages

---

[4] The undersigned does note, however, that the Amended Complaint's allegations concerning the first prong of enterprise coverage are virtually bereft of facts and contain little more than conclusory allegations that CORE was "engaged in an industry affecting commerce" and "employ[ed] two or more employees affecting interstate commerce." ECF No. 17 at ¶ 5.

[5] While the undersigned recognizes that the Plaintiff asserts that the requisite enterprise revenue allegations were omitted from the Amended Complaint due to "an oversight" and that the Plaintiff requests that he be allowed leave to amend his complaint "to address both the individual and enterprise coverage allegations" if his arguments against dismissal fail, ECF No. 25 at 4-5, neither the Plaintiff's "oversight" nor his contingent request for leave to amend can save Counts I and II of the present Amended Complaint from dismissal. Moreover, other than asserting that he would amend the Amended Complaint to add the conclusory allegation that "[u]pon information and belief, CORE ENERGY does $500,000.00 or more of annual business," ECF No. 25 at 4, the Plaintiff provides no explanation for how he could amend his Amended Complaint to remedy its other FLSA coverage shortcomings.

"district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Silas*, 55 F.4th at 866 (quoting *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)); *see also Saunders*, 2020 WL 1452364, at *6 (declining to exercise supplemental jurisdiction and to determine whether the plaintiff sufficiently stated a claim for breach of contract because the court was dismissing the plaintiff's FLSA claims).

Here, given that the FLSA claims are subject to dismissal, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over Counts III and IV. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.").[6] Accordingly, the Court need not address those state law breach of contract claims to determine whether they state claims upon which relief may be granted. Similarly, the Court need not address the Defendants' requests to strike the Plaintiff's reference to Florida Statute § 448.08 and the Plaintiff's demands for attorney's fees in Counts III

---

[6] Even were the Plaintiff's FLSA claims not subject to dismissal, the dismissal of Counts III and IV would nonetheless be warranted in this case because the Court appears to lack supplemental jurisdiction over those claims. The claimed breaches of contracts to pay the Plaintiff commissions are factually distinct from the Defendants' alleged failures to pay the Plaintiff minimum wages under the FLSA. Those state law claims arise from separate agreements to pay commissions, and they do not share a common nucleus of operative facts with the Plaintiff's FLSA claims, but instead appear to involve additional and different facts (*e.g.*, the creation of the alleged agreements to pay the Plaintiff commissions, the sales leads that the Plaintiff generated pursuant to the alleged oral commission agreement, the pertinent leads/sales that were closed and installed, and the qualifying watts that were sold pursuant to the alleged written commission agreement, *see* ECF No. 17 at ¶¶ 12, 14, 17-18), different proof, and different witnesses to establish the existence of the commission agreements and what commissions, if any, may be owed to the Plaintiff under those agreements. Here, where the Amended Complaint establishes that "the FLSA claim[s] concern[] the question of the number of hours worked and the compensation paid" and "[t]he state law claims involve different facts and events emanating from a private agreement," dismissal of the state law claims for breach of contract is appropriate. *See Garcia v. Estrella Ins., Inc.*, No. 11-CIV-24028-UU, 2012 WL 13134600, at *2-3 (S.D. Fla. Jan. 31, 2012) (dismissing breach of contract and related state law claims seeking unpaid commissions for lack of supplemental jurisdiction in an FLSA wage claim suit).

and IV since those requests will have been rendered moot by the dismissal of Counts III and IV.

### IV.  CONCLUSION

Based on the foregoing, the undersigned hereby **RECOMMENDS** that the Defendants' Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 22) be **GRANTED,** that Counts I and II of the Amended Complaint be **DISMISSED**, and that Counts III and IV of the Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Judge.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in chambers in Miami, Florida, this 3rd day of August 2023.

                                            EDUARDO I. SANCHEZ
                                            UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Kathleen M. Williams
        Counsel of Record